UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY V. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV439 NCC |
| | ) | |
| ST. LOUIS CITY JAILS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Plaintiff, a prisoner seeking leave to proceed in forma pauperis, brings this action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information the Court assesses a partial initial filing fee of $1.00. See 28 U.S.C. § 1915(b); see Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

**Standard**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

## The Complaint

Plaintiff brings this action under § 1983 against the St. Louis City Jails and several officials at the St. Louis City Medium Security Institution (the "Jail"). Plaintiff brings separate claims for medical mistreatment, unlawful strip searches, denial of access to the courts, and inadequate nutrition.

Plaintiff alleges that he has a history of significant spinal problems and back pain. Before arriving at the Jail, he was prescribed a fentanyl transdermal patch, gabapentin, oxycodone, baclofen, and naproxen by a pain specialist. Plaintiff says that defendant Dr. Nwabbasi of Corizon, Inc., told him he would not be given any fentanyl patches or oxycodone for his pain. Thus far, plaintiff has only been given baclofen and naproxen. Plaintiff says he is suffering excruciating pain and that he cannot sleep for more than two hours at a time.

Plaintiff complains that he has been stripped searched in full view of other inmates, including "homosexuals, transgenders, and sexual predators." He says that defendants Dale Glass, Leonard Edwards, Tonya Harry, and Jerome Fields have violated his right to privacy by strip searching him without putting up partitions. He also claims that these defendants have not processed his grievances on this issue.

Plaintiff claims that, because his grievances have not been processed, he has been denied meaningful access to the courts. He does not allege that he has suffered an injury to a pending or contemplated legal case.

Plaintiff says that defendant A'viand has a contract with the Jail to provide it with nutritious meals. Plaintiff is on a vegetarian diet, and he claims that he is fed mostly starch and not enough calories per day to maintain his weight. He does not claim that he has lost weight. He believes that he will in the future.

**Discussion**

Plaintiff's allegation that he has not been prescribed adequate medications to alleviate his back pain states a plausible claim under § 1983 for deliberate indifference. As a result, the Court will direct the Clerk to issue process on Dr. Nwabbasi.

Plaintiff's claim against the Jail is legally frivolous because the Jail is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Plaintiff's claims against the remaining defendants are unrelated to his claim of deliberate indifference to his serious medical needs. Federal Rule of Civil Procedure 20(a)(2) provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Thus, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Therefore, the Court will dismiss the remaining claims without prejudice. If plaintiff wishes to pursue his unrelated claims, he must file a new lawsuit or new lawsuits that comply with Rule 20. The dismissal will not have any impact on statute of limitations issues.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall issue process on defendant Dr. Nwabbasi (or Nwaobasi) in accordance with the Court's agreement with Corizon, Inc.

**IT IS FURTHER ORDERED** that defendants Dale Glass, Leonard Edwaards, Tonya Harry, Jerome Fields, Scott Weber, Carlton Prince, A'viand, and Unknown Mallard are **DISMISSED** from this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 18th day of March, 2015.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE