UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LARRY V. SMITH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | CASE NO. 4:15CV439 HEA |
| ST. LOUIS CITY JAILS, et al. | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction, [Doc. No. 4], Defendant's Motion for Summary Judgment, [Doc. No. 17], and Plaintiff's Motion to Dismiss Defendant's Motion for Summary Judgment, [Doc. No. 22]. For the reasons set forth below, the Motion for Preliminary Injunction is denied; the motion for summary judgment is granted; and the motion to dismiss the motion for summary judgment is denied.

## INTRODUCTION

Plaintiff, formerly an inmate at the St. Louis City Medium Security Institution, commenced this action by filing a *pro se* complaint and motion to proceed *in forma pauperis* on March 9, 2015. Plaintiff brought separate claims for medical mistreatment, unlawful strip searches, denial of access to the courts, and inadequate nutrition.

Plaintiff alleged that he has a history of significant spinal problems and back pain. Before arriving at the Jail, he was prescribed a fentanyl transdermal patch, gabapentin, oxycodone, baclofen, and naproxen by a pain specialist. Plaintiff says that defendant Dr. Nwabbasi of Corizon, Inc., told him he would not be given any fentanyl patches or oxycodone for his pain. Plaintiff had only been given baclofen and naproxen at the Jail. Plaintiff claimed he was suffering excruciating pain and that he could not sleep for more than two hours at a time.[1]

## SUBMITTED FACTS

Defendant Nwaobasi has filed a statement (Doc. No. 6-2) of undisputed facts that reads as follows:

**Background**

1. Plaintiff Larry Smith was incarcerated at St. Louis City Justice Center ("SLCJC") at all times relevant to this lawsuit. (Doc. 1).

**Exhaustion**

2. The St. Louis City Division of Corrections Grievance Procedure provides that an inmate must file an informal resolution request within ten (10) days of an incident. (See Exhibit B, Certified Policy No. 3.3.3. "Inmate Grievance," Section VII (3), (6)).

3. A grievance is not considered exhausted unless and until the inmate successfully completes three levels: the informal resolution procedure, formal grievance procedure, and an appeal. (Exhibit B, Certified Policy N o. 3.3.3. "Inmate Grievance," Section V "Exhaustion").

---

[1] Plaintiff's claims against Defendants Glass, Edwards, Harry, Fields, Weber, A'viand, and Mallard were dismissed without prejudice as unrelated to his claim of deprivation of serious medical needs on March 18, 2015.

4. Inmates are provided access to the grievance procedure regardless of disciplinary status, housing location or classification, and all inmates are provided the opportunity to file complaints in a timely and confidential manner. (Exhibit B, Certified Policy No. 3.3.3. "Inmate Grievance," Section VII (2)-(4)).

5. Plaintiff did not file any grievances at SLCJC regarding any of his allegations against Dr. Nwaobasi. (Exhibit A, Affidavit of Jamie Lambing).

When deciding whether to grant a prisoner preliminary injunctive relief, a court must consider: (1) the threat of irreparable harm to the movant; (2) the balance between the harm to the movant and the harm to the nonmoving party should the injunction issue; (3) the likelihood of success on the merits; and (4) the public interest. *Amzen v. Palmer,* 713 F.3d 369, 372 (8th Cir.2013). Importantly, the movant bears the burden of establishing that he is entitled to a preliminary injunction. *Roudachevski v. All–Am. Care Ctrs., Inc.,* 648 F.3d 701, 705 (8th Cir.2011). Additionally, the Eighth Circuit has emphasized that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir.1995).

Plaintiff has not produced *any evidence* demonstrating that he will succeed on the merits of his inadequate medical care claim or that he will be irreparably harmed if he does not receive preliminary relief. Plaintiff has not provided *any evidence,* such as sick call requests or grievance forms, to support his allegations.

Thus, the Court concludes that Plaintiff has failed to satisfy his burden of demonstrating that he is entitled to preliminary injunctive relief.

## SUMMARY JUDGMENT STANDARDS

Any party may move for summary judgment regarding all or any part of the claims asserted in a case. Fed. R. Civ. P. 56(a). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one that " 'might affect the outcome of the suit under the governing law.' " *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "the substantive law will identify which facts are material." *Id*. Facts that are "critical" under the substantive law are material, while facts that are "irrelevant or unnecessary" are not. *Id*.

An issue of material fact is genuine if it has a real basis in the record, *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), or when " 'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). Evidence that only provides "some metaphysical

doubt as to the material facts," *Matsushita*, 475 U.S. at 586, or evidence that is "merely colorable" or "not significantly probative," *Anderson*, 477 U.S. at 249-50, does not make an issue of material fact genuine.

As such, a genuine dispute of material fact requires "sufficient evidence supporting the claimed factual dispute" so as to "require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 248-49. The party moving for entry of summary judgment bears "the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel*, 953 F.2d at 395 (citing *Celotex*, 477 U.S. at 323). Once the moving party has met this burden, the nonmoving party must go beyond the pleadings and by depositions, affidavits, or otherwise, designate specific facts showing that there is a genuine issue for trial. *Mosley v. City of Northwoods,* 415 F.3d 908, 910 (8th Cir. 2005). The nonmovant must show an alleged issue of fact is genuine and material as it relates to the substantive law. If a party fails to make a sufficient showing of an essential element of a claim or defense with respect to which that party has the burden of proof, then the opposing party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

In determining if a genuine issue of material fact is present, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita*,

475 U.S. at 587-88. Further, the Court must give the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts. *Id.* However, "because we view the facts in the light most favorable to the nonmoving party, we do not weigh the evidence or attempt to determine the credibility of the witnesses." *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004). Instead, "the court's function is to determine whether a dispute about a material fact is genuine." *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996).

**DISCUSSION**

Plaintiff alleges that his constitutional rights were violated by the denial of medical care while in custody at the St. Louis Jail. In seeking summary judgment, Defendant relies entirely on the Prison Litigation Reform Act (PLRA), which governs actions regarding prison conditions brought pursuant to 42 U.S.C. § 1983 or any other federal law. 42 U.S.C. § 1997e(a). Based on the nature of Plaintiff's claim, it is clear that the PLRA applies here. *Id.*

*Applicable Standards*

Among other things, the PLRA states that "[n]o action shall be brought with respect to prison conditions ... until such administrative remedies as are available are exhausted." *Id.* This exhaustion requirement applies to any inmate lawsuit based on prison conditions, regardless of whether the lawsuit revolves around general circumstances or particular incidents and whether the lawsuit alleges

excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It requires that all prisoner-plaintiffs must first exhaust all available administrative remedies prior to bringing a lawsuit. *Id.* Failure to exhaust all available administrative remedies is grounds for mandatory dismissal. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000). The available remedies must be properly exhausted in compliance with all prison grievance procedures, deadlines or preconditions. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The prison's requirements for grievance procedures, not the PLRA, define the specific remedies that must be exhausted and the manner for doing so. *Id.; see also King v. Iowa Dep't of Corr.*, 598 F.3d 1051, 1053-54 (8th Cir. 2010).

Prisoners are excused from exhausting administrative remedies "when officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures." *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005). This is because "a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *see also Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001) (defendant did not establish a failure to exhaust where prison officials did not respond to inmate's initial request).

Failure to exhaust remedies under PLRA is an affirmative defense. *Bock,* 549 U.S. at 216. As such, the defendant bears the burden of proving that the prisoner-plaintiff failed to exhaust all available remedies. *Foulk*, 262 F.3d at 697.

*Analysis*

Defendant has met his initial burden "of informing the district court of the basis for [his] motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56). His submitted affidavit supports findings that the Jail had grievance procedures in place, that Plaintiff was advised of those procedures and that he did not avail himself of those procedures. Thus, Defendant's argument is simple: Plaintiff failed to exhaust all available remedies because he failed to submit a single grievance while incarcerated at the jail.

The more-difficult question is whether Plaintiff has met his burden, as the nonmoving party, of going "beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designat[ing] 'specific facts showing that there is a genuine issue for trial.' " *Celotex*, 477 U.S. at 324. It is apparent from Plaintiff's filings that he claims to

have made multiple attempts to file grievances about the alleged denial of medical care.

In his Motion to Dismiss Defendant's Summary Judgment Motion, Plaintiff alleges that he tried to exhaust his administrative remedies, starting with the Grievance procedure I.R.R. prior to filing his lawsuit. His only reference to any form of grievance procedures is a statement that there is "merit on foul-play and obstruction to plaintiff's trying to file the Grievance procedure by deliberately losing or throwing away the I.R.R.. Plaintiff Larry V. Smith filed and tried to Resolute the medical care and treatment solution he was seeking." *Id.* at 3.

Based on Plaintiff's allegations, he contends both (a) that he actually exhausted available administrative remedies and (b) that jail officials took steps to prevent him from exhausting those remedies. The question is whether he has met his burden of coming forward with evidence supporting these allegations. Although Plaintiff's Motion is notarized, he did not submit any evidentiary materials in support of his Motion to Dismiss to demonstrate the he made any efforts to comply with the jail's grievance procedures. Instead, his allegations concerning the exhaustion of remedies, and prevention of such exhaustion, are completely self-serving and lacking evidentiary support. Those statements are not sufficient to resist a motion for summary judgment. While it may be harsh to

require a *pro se* inmate to meet the technical evidentiary requirements necessary to prevent the entry of summary judgment, the law in this circuit compels that result. As for documentary evidence, Plaintiff's pleadings do not demonstrate that he complied with the jail's grievance procedures with regard to his medical needs.

In short, Plaintiff has submitted insufficient evidence contradicting Defendant's version of events with regard to the exhaustion of available remedies.

Defendant has established that the Jail maintains inmate files in the regular course of its operations. Those files include copies of any grievances. *Id.* The jail's records reflect that Plaintiff did not submit a written grievance relating to medical treatment or any other issue while he was incarcerated at the jail. These undisputed facts demonstrate that Plaintiff did not exhaust all available administrative remedies, as required by the PLRA. *See* 42 U.S.C. § 1997e(a). As such, the Motion for Summary Judgment will be granted.

## CONCLUSION

For the reasons set forth herein, accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction, [Doc. No. 4], is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 17], granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Defendant's Motion for Summary Judgment, [Doc. No. 22], is denied.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 27th day of January, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE